**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tyre Antoine JOHNSON, Defendant– Appellant.**

**No. 12–4155.**

United States Court of Appeals, Fourth Circuit.

Argued: March 20, 2013.

Decided: June 20, 2013.

**ARGUED:** Matthew W. Greene, Greene Law Group, PLLC, Fairfax, Virginia, for Appellant. Olivia L. Norman, Office of the United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellee.

Before TRAXLER, Chief Judge, WYNN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyre Antoine Johnson (Johnson) appeals his sentence following his conviction for conspiracy to commit bank robbery and his conviction for using a firearm during and in relation to a crime of violence. We affirm.

I

On November 22, 2011, Johnson pled guilty, without the benefit of a plea agreement, to one count of conspiracy to unlawfully obstruct, delay and affect, and attempt to unlawfully obstruct, delay and affect commerce by robbery (Count 1), 18 U.S.C. § 1951(a), and one count of using a firearm during and in relation to a crime of violence (Count 2), 18 U.S.C. § 924(c). The overt acts underpinning Count 1 include, *inter alia:* (1) bank robbery of the Virginia Commerce Bank, located at 5350 Lee Highway, Arlington, Virginia on January 30, 2009; (2) bank robbery of the Union Bank & Trust, located at 6050 Burke Commons Road, Burke, Virginia on March 26, 2010; and (3) bank robbery of the Union First Market Bank, located at 725 Kenmore Avenue, Fredericksburg, Virginia on November 19, 2010. During the entire time relevant to these counts, Johnson was on supervised probation stemming from a conviction for robbery in Maryland state court in March 2002.

Notably, two months prior to Johnson entering his guilty plea in the present case, on September 22, 2011, Johnson was sentenced in Virginia state court to a total of twenty-four years' imprisonment for three separate crimes based upon his conduct in robbing the Union First Market Bank in Fredericksburg, Virginia on November 19, 2010 (Johnson's Undischarged State Sentence). Just one week after his state court sentencing, Johnson found himself in the custody of the United States Marshals Service on a *Writ of Habeas Corpus ad Prosequendum.*

In calculating Johnson's offense level under the United States Sentencing Guidelines (the Guidelines or USSG) with respect to Count 1, the Presentence Report (PSR), pursuant to U.S.S.G. § 1B1.2(d), treated each of the three bank robberies as a separate conspiracy conviction, and, pursuant to U.S.S.G. § 3D1.2(d), did not group them together. The parties agree that as a result, Johnson's hypothetical separate conspiracy conviction for the November 19, 2010 bank robbery increased Johnson's total offense level by one level.

After making offense-level adjustments not at issue in the present appeal, the PSR calculated Johnson's total offense level at 32. The PSR calculated his criminal history category at III.[1] This combination re-

---

1. Notably, pursuant to U.S.S.G. § 4A1.2(a)(1),     the PSR does not assess Johnson any criminal

sulted in an advisory sentencing range under the Guidelines of 151 to 188 months' imprisonment. Without counting Johnson's hypothetical separate conspiracy conviction for the November 19, 2010 bank robbery, Johnson's advisory sentencing range under the Guidelines would have been 135 to 168 months' imprisonment. Compared to Johnson's Guidelines range as calculated in his PSR, this is a delta of sixteen months' imprisonment at the low-end of the Guidelines range and a delta of twenty months' imprisonment at the high-end. The PSR also stated that Johnson was subject to a mandatory minimum term of 84 months' imprisonment with respect to Count 2, 18 U.S.C. § 924(c)(1)(A)(ii), and recommended that Johnson receive such term of imprisonment on that count.

Of relevance to the sole issue on appeal, Step 8 of the PSR's Worksheet D, entitled **"Undischarged Term of Imprisonment (See § 5G1.3),"** provides that "[i]f the defendant is subject to an undischarged term of imprisonment, check this box and list the undischarged term[s] below." (J.A. 167). In Johnson's case, the referenced box is checked and the following information is listed: *"Defendant is serving 24 year prison term for sentences imposed in Fredericksburg Circuit Court on 9/22/11. Pursuant to § 5G1.3(b), this conviction was not a basis for an increase in the instant offense, therefore a sentence pursuant to § 5G1.3(c) is warranted."* (J.A. 167).

In relevant part, U.S.S.G. § 5G1.3(b) provides:

> If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection[ ](a)(1) ... of § 1B1.3 (Relevant

history points for the November 19, 2010 bank robbery because such robbery was con-

Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*Id.* In contrast to U.S.S.G. § 5G1.3(b), U.S.S.G. § 5G1.3(c) provides: "(Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense **may be imposed to run concurrently, partially concurrently, or consecutively** to the prior or undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c), p.s. (emphasis added).

The sole addendum to Johnson's PSR stated that, on February 7, 2012, Johnson advised the probation officer who had prepared the PSR that he had no objections to the PSR. Moreover, in Johnson's sentencing memorandum filed with the district court on February 21, 2012, he expressly states that his sentencing range under the Guidelines, as set forth in the PSR, "was properly calculated to be 151–188 months for violation of Count I, and 84 months for violation of Count II, to be served consecutive to any other sentence

sidered in determining his offense level.

imposed."[2] (J.A. 53). Tracking the language of U.S.S.G. § 5G1.3(c), Johnson also stated in his sentencing memorandum that

> [u]nder the Guidelines, [U.S.S.G. § ] 5G1.3, this Court **has the discretion to impose a sentence that is concurrent, partially concurrent, or consecutive [ ]** to Defendant's related state court sentence. Considering Defendant's age, his role in the conspiracy and the length of the minimum sentence available, Defendant would urge this Court to run the non-mandatory sentence concurrent with the undischarged portion of his state sentence.

(J.A. 61) (emphasis added).

In response to questioning by the district court at Johnson's sentencing hearing on February 24, 2012, counsel for Johnson affirmed that he had received a copy of the PSR and the probation officer's computation of the Guidelines, that he had "had an ample opportunity to go over both of them with [his] client," and that he had no additions or corrections thereto that he wanted to bring to the district court's attention. (J.A. 69). Similarly, the government affirmed during the hearing that it had no additions or corrections to Johnson's PSR. Consistent with Johnson's sentencing memorandum, Johnson's counsel expressed his "hope" during Johnson's sentencing hearing that the district court would consider running Count 1 concurrently with Johnson's State Sentence, which Johnson's counsel contended "would result in a 31-year sentence, which is a substantial period of time...." (J.A. 75).

After hearing fully the arguments of opposing counsel and after giving Johnson an opportunity to speak on his own behalf, the district court sentenced Johnson to 151 months' imprisonment on Count 1 and to 84 months' imprisonment on Count 2, to run consecutive to each other and consecutive to Johnson's Undischarged State Sentence. With respect to Johnson's request that his 151–month sentence on Count 1 run concurrent to his Undischarged State Sentence, the district court stated:

> Well, Mr. Johnson, based upon the fact that you were involved in three robberies, based upon the fact that you were inside the bank, and whether or not you were carrying a firearm, the level of intimidation was such that a number of these bank employees have had lasting psychological problems as a result of the way you threatened and basically abused them. And the fact that you were on supervised release for robbery at that time, all in my mind do not warrant a concurrent sentence, so therefore the sentencing will be imposed consecutively.

(J.A. 77–78).

The district court went on to state that it had reviewed the Guidelines as advisory only and had reviewed all the factors set forth in 18 U.S.C. § 3553(a). The district court further stated that in fashioning Johnson's sentence it had considered the nature and circumstances of the offense, the methodology of the robberies, the intimidation of the victims, the number of robberies in which Johnson was involved, and his prior criminal history. The court noted that Johnson had a prior robbery conviction and that he was on supervised probation for that robbery at that time of the instant offenses. The district court then went on to state:

---

**2.** Johnson does not dispute that, by statute, any sentence that he received with respect to Count 2 had to run consecutive to any other sentence imposed. *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person....").

And then I look to what type of sentence is adequate but not longer than necessary to achieve the other objectives of 18, United States Code, Section 3553(a), and this Court believes that a sentence that is adequate but not longer than necessary to promote respect for the law, provide for deterrence, and protect the community from people just like you, is commitment to the U.S. Bureau of Prisons for a term of 235 months. That will consist of 151 months on Count 1, and 84 months on Count 2. Those sentences by law run consecutively. They will also run consecutively to the sentence that you're currently ... serving as a result of a sentence imposed by the Fredericksburg Circuit Court.

(J.A. 78–79). The district court also imposed a term of three years' supervised release on each count, to run concurrently.

Johnson noted this timely appeal.

## II

On appeal, Johnson's sole assignment of error is his claim that the district court abused its discretion by refusing to run his 151–month sentence on Count 1 concurrently with his Undischarged State Sentence as he contends is required by the express terms of U.S.S.G. § 5G1.3(b). According to Johnson, U.S.S.G. § 5G1.3(b) applies in sentencing him on Count 1 because the conduct underlying his Undischarged State Sentence was relevant conduct to Count 1 under U.S.S.G. § 1B1.3(a)(1).

In response, the government first contends that Johnson failed to bring this claim of error to the attention of the district court, and therefore, our review is limited to plain error review under Federal Rule of Criminal Procedure 52(b) (Rule 52(b)). Under plain error review, the government contends that we should affirm Johnson's sentence. Johnson opposes the

application of plain error review on the ground that he did bring the U.S.S.G. § 5G1.3(b) issue to the district court's attention by requesting the district court to exercise its discretion to run his sentence on Count 1 concurrently with his Undischarged State Sentence.

### A

Before addressing the merits of Johnson's sentencing challenge, we must resolve the threshold issue of error preservation. Under the general rule, we "will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." *Henderson v. United States,* —— U.S. ——, 133 S.Ct. 1121, 1124, 185 L.Ed.2d 85 (2013). Rule 52(b) operates as an exception to this general rule by providing that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed.R.Crim.P. 52(b).

■ Our review of the record discloses that Johnson failed to bring to the district court's attention his claim that U.S.S.G. § 5G1.3(b) requires his 151–month sentence on Count 1 to run concurrently with his Undischarged State Sentence, and therefore, our review is limited to plain error review under Rule 52(b). The record leaves no doubt that during the entire sentencing process, the defendant, the government, and the district court all operated under the belief that subsection (c) as opposed to subsection (b) of U.S.S.G. § 5G1.3 properly applied to the issue of whether Johnson's sentence on Count 1 should run concurrent with or consecutive to his Undischarged State Sentence.

The first item of evidence of this collective belief is the PSR. Step 8 on Worksheet D of the PSR, entitled "**Undischarged Term of Imprisonment** (*See*

§ 5G1.3)," provided: "Defendant is serving 24 year prison term for sentences imposed in Fredericksburg Circuit Court on 9/22/11. Pursuant to § 5G1.3(b), this conviction was not a basis for an increase in the instant offense, therefore a sentence pursuant to § 5G1.3(c) is warranted." (J.A. 167). Stating the obvious, this language provides that subsection (c) with its discretionary authority on the concurrent/consecutive issue not subsection (b) with its run-the-sentences-concurrently mandate applies in sentencing Johnson.

The second item of evidence of collective belief is Johnson's sentencing memorandum, giving a thumbs-up to the PSR on this issue. In Johnson's sentencing memorandum, he nowhere claims the applicability of U.S.S.G. § 5G1.3(b), but rather, tracking the language of U.S.S.G. § 5G1.3(c), contends that under U.S.S.G. § 5G1.3, the district court "has the discretion to impose a sentence that is concurrent, partially concurrent, or consecutive[ ] to Defendant's related state court sentence." (J.A. 61). This language is completely inconsistent with the position Johnson now takes on appeal that, under U.S.S.G. § 5G1.3(b), the district court had no discretion to run Count 1 consecutive to Johnson's Undischarged State Sentence. Moreover, to the extent Johnson would try to argue that his statement that the district court had discretion on the issue served only as his acknowledgement that post-*Booker* the Guidelines are advisory rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (rendering Guidelines "effectively advisory"), the argument fails. The statement in Johnson's sentencing memorandum clearly attributes the district court's discretionary authority on the issue to U.S.S.G. § 5G1.3, which could only mean U.S.S.G. § 5G1.3(c).

The third item of evidence of the collective belief that subsection (c) as opposed to subsection (b) of U.S.S.G. § 5G1.3 applies is the transcript of Johnson's sentencing hearing. Such transcript shows Johnson's counsel affirming that he had received a copy of the PSR as well a copy of the probation officer's computation of the Guidelines, that he had had ample opportunity to go over both with his client, and that he had no additions or corrections to the PSR that he wanted to bring to the district court's attention. The same transcript shows the government informing the district court that it had no additions or corrections to the PSR. The district court immediately thereafter stated: "The report will be ordered filed, made part of the record in the case. This Court will adopt the officer's factual findings and conclusions." (J.A. 70). Consistent with the PSR's conclusion that U.S.S.G. § 5G1.3(c) and not U.S.S.G. § 5G1.3(b) applies in sentencing Johnson and the statement in Johnson's sentencing memorandum that, under U.S.S.G. § 5G1.3, the district court "has the discretion to impose a sentence that is concurrent, partially concurrent, or consecutive[ ] to" his Undischarged State Sentence, (J.A. 61), Johnson never asserted the applicability of U.S.S.G. § 5G1.3(b) and did not object when the district court ordered his sentence on Count 1 to run consecutive to his Undischarged State Sentence.

In sum, the record is wholly devoid of evidence showing that Johnson brought to the district court's attention the claim he now makes on appeal that subsection (b) not subsection (c) of U.S.S.G. § 5G1.3 applies in sentencing him. In fact, the record is uniform in showing that Johnson took the opposite position below—*i.e.*, that subsection (c) not subsection (b) of U.S.S.G. § 5G1.3 applies in sentencing him. The crux of Johnson's assignment of error on appeal is that, in sentencing him,

the district court procedurally erred by misapplying the Guidelines. Because Johnson failed to object to the application of U.S.S.G. § 5G1.3(c) or, conversely, to the non-application of U.S.S.G. § 5G1.3(b), our review is for plain error. *See United States v. Brack,* 651 F.3d 388, 392 (4th Cir.2011) (reviewing district court's application of the abuse-of-trust enhancement for plain error under Rule 52(b) because defendant failed to object to application of such enhancement at sentencing).

## B

In *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court set forth four prongs that an appellant must meet in order to obtain appellate relief under plain error review, *id.* at 732–36, 113 S.Ct. 1770, and in subsequent cases the Court has fine-tuned those prongs. Under the first prong, the appellant must establish the existence of legal error "that has not been intentionally relinquished or abandoned, *i.e.,* affirmatively waived, by the appellant," *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). *Olano,* 507 U.S. at 732–33, 113 S.Ct. 1770. Under the second prong, the appellant must establish that the legal error is plain, *i.e.,* " 'clear' or, equivalently, 'obvious,' " *id.* at 734, 113 S.Ct. 1770, at least by the time of appellate consideration, *Henderson,* 133 S.Ct. at 1130–31. Under the third prong, the appellant must establish that the legal error affected his substantial rights. *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. In the sentencing context, this means that the appellant must show us a non-speculative basis in the record for concluding the district court would have imposed a lower sentence but for such error. *United States v. Knight,* 606 F.3d 171, 178 (4th Cir.2010). Under the fourth prong, we "should correct a plain forfeited error affecting substantial rights if the error seriously affects

the fairness, integrity, or public reputation of judicial proceedings." *Olano,* 507 U.S. at 736, 113 S.Ct. 1770 (alteration marks and internal quotation marks omitted).

As the Supreme Court has repeatedly made clear, "[m]eeting all four prongs is difficult, 'as it should be.' " *Puckett,* 556 U.S. at 135, 129 S.Ct. 1423 (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 83 n. 9, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). *See also United States v. Robinson,* 627 F.3d 941, 956 (4th Cir.2010) ("Plain error review exists to correct only the most grievous of unnoticed errors."). By design, the strictures on appellate review of forfeited error work to induce the timely raising of claims and objections below, where the district court is ordinarily in the best position to determine the relevant facts and adjudicate the dispute. *Puckett,* 556 U.S. at 134, 129 S.Ct. 1423.

The first prong of *Olano's* plain error test asks whether the district court erred as contended by Johnson. Stated simply, Johnson contends the district court procedurally erred by applying U.S.S.G. § 5G1.3(c) instead of U.S.S.G. § 5G1.3(b) in determining whether to run his 151–month sentence on Count 1 consecutive to or concurrent with his Undischarged State Sentence. Had the district court applied U.S.S.G. § 5G1.3(b), Johnson posits, the district court would have ordered his 151–month sentence on Count 1 to run concurrent with his Undischarged State Sentence.

In addressing whether the district court erred as contended by Johnson, we first note that although post-*Booker* the Guidelines are no longer mandatory, *Booker,* 543 U.S. at 245, 125 S.Ct. 738, when sentencing a defendant, Supreme Court precedent mandates that the district court correctly calculate the defendant's applicable sentencing range under the Guidelines. *Gall*

*v. United States,* 552 U.S. 38, 49, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Rita v. United States,* 551 U.S. 338, 351–54, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Logic dictates that the district court must also correctly determine the rules as set forth in Chapter 5 Part G of the Guidelines for implementing the total term of imprisonment.

U.S.S.G. § 5G1.3 governs the imposition of a sentence when the defendant is subject to an undischarged term of imprisonment. Johnson contends subsection (b) of this Guideline section applies to him with respect to his 151–month sentence on Count 1, which subsection provides in relevant part:

> If … a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection[ ](a)(1) … of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*Id.*

As we have previously explained:

> [U.S.S.G.] § 5G1.3(b) prevents the double counting that occurs when separate, non-offense conduct could, absent operation of this subsection, otherwise be the

basis both (1) for sentencing defendant as if that conduct had been part of the offense(s) of conviction, and (2) for additional punishment of that same conduct in another, and separate, criminal proceeding. Section 5G1.3 thereby operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence.

*United States v. Rouse,* 362 F.3d 256, 262 (4th Cir.2004) (internal quotation marks and citations omitted).

■ Here, the government does not dispute that the conduct underlying Johnson's Undischarged State Sentence constitutes relevant conduct to Count 1 pursuant to U.S.S.G. § 1B1.3(a)(1), and does not dispute that such conduct served to increase Johnson's total offense level by one-level. Assuming *arguendo* that U.S.S.G. § 5G1.3(b) applies to advise the district court that Johnson's sentence on Count 1 should run concurrent with his Undischarged State Sentence, and therefore, the district court erred in concluding that U.S.S.G. § 5G1.3(c) applies instead of U.S.S.G. § 5G1.3(b), the error is not plain. Given (1) the manner in which the Guidelines direct the calculation of Johnson's total offense level (*i.e.,* treating each of the three robberies charged in Count 1 as separate conspiracy offenses), and (2) given U.S.S.G. § 5G1.3(b)'s purpose of avoiding double punishment for the same criminal conduct, the conclusion that a proper application of U.S.S.G. § 5G1.3(b) requires all 151 months of Johnson's sentence on Count 1 to run concurrent to his 288–month Undischarged State Sentence, when the conduct underlying Johnson's Undischarged State Sentence accounts for only sixteen of the 151 months' imprisonment to which the district court sentenced Johnson on Count 1, is not at all clear, or equivalently, obvious. In fact, applying U.S.S.G. § 5G1.3(b) as Johnson posits results in

Johnson receiving no time for his other two bank robberies which are wholly unrelated to the conduct underlying his Undischarged State Sentence. We are extremely skeptical that the Guidelines intend such an enormous windfall to Johnson.

Because Johnson was not charged in state court **for conspiracy** to unlawfully obstruct, delay and affect commerce by robbery, the far more likely scenario is that proper application of U.S.S.G. § 5G1.3(b) results in the Guidelines advising the district court to run sixteen months of Johnson's 151–month sentence on Count 1 concurrent with sixteen months of his Undischarged State Sentence. This scenario achieves U.S.S.G. § 5G1.3(b)'s purpose of avoiding double punishment for the same conduct, yet also avoids Johnson from receiving a sentencing windfall.

■ Unfortunately for Johnson, even assuming *arguendo* that the district court's failure to conclude that U.S.S.G. § 5G1.3(b) applies to advise the district court that sixteen months of Johnson's 151–month sentence on Count 1 should run concurrent with his Undischarged State Sentence constitutes error that is plain, thus satisfying the first two prongs of *Olano's* plain error test, Johnson cannot satisfy the third prong. Specifically, Johnson fails to carry his burden of establishing that the district court's failure to so conclude affected his substantial rights. *See United States v. Marcus,* 560 U.S. 258, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010) (As a general rule, an error affects a defendant's substantial rights if the error was prejudicial, which "means that there must be a reasonable probability that the error affected the outcome of the [proceeding]."). In other words, on this record, Johnson cannot show a reasonable probability that, but for the assumed error, the district court would have run sixteen months of his sentence on Count 1 concur-

rent with his Undischarged State Sentence. *See United States v. John,* 597 F.3d 263, 284–85 (5th Cir.2010) ("A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." (internal quotation marks and alteration marks omitted)). In attempting to meet *Olano's* third prong, Johnson cannot rely on his own speculation of prejudice or the mere possibility of prejudice. *Robinson,* 627 F.3d at 955. Rather, there must be record-based evidence of prejudice in order for us to conclude in a non-speculative manner that he satisfied the third prong. Here, there is no record-based evidence that had the district court concluded that U.S.S.G. § 5G1.3(b) as opposed to U.S.S.G. § 5G1.3(c) applies in sentencing Johnson with respect to Count 1, the district court would have run even one day of Johnson's sentence on Count 1 concurrent with his Undischarged State Sentence. The district court's comments at sentencing responding to Johnson's request for the district court to exercise its discretion to run Count 1 concurrent with his Undischarged State Sentence point to only one conclusion—that the district court would have imposed the same exact sentence. In particular, the fact that Johnson had made a career out of robbing banks, the fact that he was on supervised release for a robbery conviction at the time he committed the bank robberies at issue in the instant offenses, the fact that Johnson had been an inside-man during such robberies, and the fact that Johnson employed a high level of threat and intimidation in carrying out such bank robberies all combined to motivate the district court to order Count 1 to run consecutive to Johnson's Undischarged State Sentence. In the absence of a non-speculative basis upon which to conclude the assumed procedural sentencing error

affects Johnson's substantial rights, Johnson has failed to carry his burden to obtain appellate relief from his sentence under plain error review. Accordingly, we affirm Johnson's sentence.

*AFFIRMED.*