**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4050**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TYRE ANTOINE JOHNSON,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:11-cr-00214-HEH-RCY-3)

———————————

Submitted:  September 30, 2022                Decided:  December 29, 2022

———————————

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Fernando Groene, FERNANDO GROENE, P.C., Williamsburg, Virginia, for Appellant.  Jacqueline Romy Bechara, Alexandria, Virginia, Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyre Antoine Johnson pled guilty in 2011 to conspiracy to commit Hobbs Act robbery (Count 1), in violation of 18 U.S.C. § 1951, and using, carrying, and brandishing a firearm during and in relation to a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c). The district court sentenced him to a total of 235 months' imprisonment, consisting of 151 months' imprisonment on Count 1 and a consecutive 84 months' imprisonment on Count 2, both run consecutively to Johnson's undischarged state sentence imposed for one of the robberies underlying his conviction on Count 1 (the "Undischarged State Sentence"). Johnson appealed, and we affirmed his sentence. *United States v. Johnson*, 529 F. App'x 362 (4th Cir. 2013) (No. 12-4155) (argued but unpublished) ("*Johnson I*"). The district court later granted Johnson's 28 U.S.C. § 2255 motion, vacated his conviction and sentence on Count 2 and ordered his resentencing on Count 1. At resentencing, the district court sentenced Johnson to 135 months' imprisonment, with 16 months run concurrently to the Undischarged State Sentence.

Johnson now appeals his amended criminal judgment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious issues for appeal but questioning whether the district court imposed a procedurally and substantively unreasonable sentence. The Government has declined to file a brief. Johnson was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence "for reasonableness, applying a deferential abuse of discretion standard." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (internal

2

quotation marks omitted). "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 625 (2021). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). Although the explanation "need not be exhaustive . . . or robotically tick through the § 3553(a) factors," it "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir.) (cleaned up), *cert. denied*, 142 S. Ct. 724 (2021).

"If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted). Johnson can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Johnson's sentence is both procedurally and substantively reasonable. The district court correctly calculated Johnson's Guidelines range, provided the parties an adequate opportunity to present arguments regarding the appropriate sentence, and considered Johnson's allocution. The court provided a detailed explanation of the sentence it selected, grounded in numerous § 3553(a) factors. The court placed reasoned emphasis on the nature and circumstances of the offense, Johnson's history and characteristics, and the need to promote respect for the law, to adequately deter, and to provide just punishment. It also expressly credited Johnson's arguments in mitigation regarding his relative culpability, institutional record and rehabilitative efforts, and the impact of his undischarged state sentence.

In running the sentence partially concurrently to the Undischarged State Sentence, the district court considered the § 3553(a) factors and the relevant circumstances surrounding the undischarged sentence. *See* 18 U.S.C. § 3584(b); *see also* U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n. 4 (2018) (discussing factors to be considered in determining whether to impose concurrent or consecutive sentences under USSG § 5G1.3(d), p.s.). The court also considered the parties' arguments on the issue and adopted our analytical framework from *Johnson I* when electing to run the sentence partially concurrent to the Undischarged State Sentence. The district court's explanation was adequate to support its decision to impose a partially concurrent sentence in light of § 3553(a). *Cf. United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019) (finding no abuse of discretion where sentencing court "recognized its discretion to order the sentence to run concurrently, but simply declined to exercise its discretion after considering the required

4

factors"). And, in light of the district court's thorough analysis of the relevant sentencing factors, we conclude that Johnson fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence. *See Devine*, 40 F.4th at 153; *Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*