JONES, District Judge:
 

 Gary Giovon Lynn pled guilty to being a felon in possession of a firearm, in violation of
 
 18 U.S.C. §§ 922
 
 (g)(l), 924(a)(2). The district court sentenced Lynn to 120 months' imprisonment. On appeal, counsel filed a brief pursuant to
 
 Anders v. California,
 

 386 U.S. 738
 
 ,
 
 87 S.Ct. 1396
 
 ,
 
 18 L.Ed.2d 493
 
 (1967), questioning whether the district court erred in applying a cross-reference to the attempted murder Sentencing Guideline. U.S. Sentencing Guidelines Manual (USSG) §§ 2A2.1, 2K2.1(c)(l)(A), 2X1.l(a) (2016). We directed supplemental briefing on the additional issue of whether in light of USSG § 5G3.1(c), the district court erred in failing to impose its sentence to run concurrently with an anticipated term of state imprisonment. We now affirm the district court's judgment.
 

 I.
 

 On January 4, 2016, Officer A.D. Gardner of the Winston-Salem Police Department stopped a speeding vehicle occupied by Lynn along with two other individuals. While standing near the vehicle, Officer Gardner smelled marijuana, and he requested additional officers for assistance. When the other officers arrived, Officer Gardner asked each of the occupants to exit the vehicle. After Officer Gardner frisked Lynn, Gardner instructed him to stand by a guardrail with the driver of the vehicle. As Officer Nicholas Powell was frisking another passenger, Lynn jumped into the driver's side of the vehicle and Officer Powell followed, landing on top of him. The two struggled over control of the vehicle, with Lynn putting the vehicle into drive, and Officer Powell pulling the emergency brake. The vehicle rolled away, and Officer Gardner pursued it. He heard a gunshot, and when he reached the vehicle, he saw Officer Powell lying on top of Lynn and holding Lynn's left hand, in which Lynn had a pistol pointed at Officer Powell. Officer Powell had suffered gunshot wounds to his arms and chest. Lynn had also suffered a gunshot wound, although Officer Powell had not fired his weapon during the struggle.
 

 Lynn was arrested and charged in state court with attempted first-degree murder, possession of a firearm by a felon, and fleeing or eluding arrest with a motor vehicle. While Lynn was detained in state custody, he was indicted on a federal charge of being a felon in possession of a firearm, stemming from the same conduct as the
 state charges. Lynn was obtained by the district court on a writ of habeas corpus ad prosequendum while his state charges were pending, and he eventually pleaded guilty to the federal firearms charge.
 

 At Lynn's federal sentencing hearing on February 28, 2017, he and Officer Powell both testified about what had occurred in the vehicle. Officer Powell stated that after he had been able to bring the vehicle to a stop, Lynn dove between the front seats, and as Officer Powell had turned to face Lynn, he felt gun shots hit him. On the other hand, Lynn testified that he and Officer Powell had struggled over possession of the firearm, and it went off accidentally during the struggle. The district court found that Officer Powell's testimony was credible while Lynn's was not, and it determined that a sentence of 120 months' imprisonment -the statutory maximum-was appropriate.
 

 The court also heard argument as to whether this sentence should run concurrently with or consecutive to Lynn's future anticipated state sentence. Because Lynn was in primary state custody, that state sentence would be served in its entirety before he entered the federal prison system. The district court stated that it would be "terribly difficult" for it to calculate what portion, if any, of Lynn's sentence should run concurrently with his anticipated state sentence in light of the variety of state charges he faced, along with the dispute as to the facts surrounding the shooting. J.A. 153. The court explained:
 

 [L]et's say that a state court jury finds beyond a reasonable doubt ... that there was a struggle and this constitutes some kind of aggravated assault. I'm not sure I would want this sentence to be imposed to run concurrently based on the facts that I found.
 

 On the other hand, if there's an attempted second degree murder conviction and some 288-month sentence is imposed, then I think, in fairness, the circumstances might merit some overlapping consideration, but I just don't know at this point.
 

 J.A. 154. The court also suggested that, in light of its uncertainty regarding the extent to which its sentence should run concurrently with the anticipated state sentence, the state court could take the federal sentence into account in fashioning its sentence, and Lynn could also request the Bureau of Prisons (BOP) to designate the state prison as his place of confinement, thus effectively running his federal sentence concurrently with the state sentence. Ultimately, the court stated:
 

 I am not able to make a determination as to how much of this sentence should be imposed to run concurrently with the state court prosecution that is now pending. ... Therefore, at this time I will decline to make a finding with respect to running any part of this sentence concurrently to any sentence imposed in the state court.
 

 J.A. 159.
 

 Thereafter, on May 4, 2017, Lynn pleaded guilty in North Carolina Superior Court to assault with a deadly weapon with intent to kill, inflicting serious bodily injury, possession of a firearm by a felon, and fleeing or eluding arrest with a motor vehicle. The state court imposed a total sentence of 104 to 137 months' imprisonment.
 

 II.
 

 A.
 

 Before resolving the issue that was the subject of supplemental briefing and oral argument, we can easily dispose of the question raised in the
 
 Anders
 
 brief.
 

 We review a defendant's sentence "under a deferential abuse-of-discretion standard."
 
 Gall v. United States,
 

 552 U.S. 38
 
 , 41,
 
 128 S.Ct. 586
 
 ,
 
 169 L.Ed.2d 445
 
 (2007). Under the
 
 Gall
 
 standard, a sentence is reviewed for both procedural and substantive reasonableness.
 

 Id.
 

 at 51
 
 ,
 
 128 S.Ct. 586
 
 . In determining procedural reasonableness, we consider, among other things, whether the court properly determined the Sentencing Guidelines range, considered the
 
 18 U.S.C. § 3553
 
 (a) factors, and sufficiently explained the selected sentence.
 

 Id.
 

 at 49-51
 
 ,
 
 128 S.Ct. 586
 
 .
 

 We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and the court's legal conclusions de novo.
 
 United States v. Ashford,
 

 718 F.3d 377
 
 , 380, 383-84 (4th Cir. 2013). "In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm."
 

 Id.
 

 at 381
 
 . Here, the district court found that Lynn committed attempted murder with the firearm at issue. Sentencing Guideline § 2A2.l(a) provides for a base offense level of 33 if the attempted murder would have constituted first-degree murder; otherwise, the offense level is 27. "[S]econd-degree murder simply requires proof of malice aforethought, which may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm."
 
 Ashford,
 

 718 F.3d at 384
 
 (internal quotation marks, citation, and alterations omitted).
 

 We conclude that the district court did not err in finding that the murder cross-reference applied. The district court based its ruling on finding that the victim's testimony was credible and that Lynn's testimony was not.
 

 [W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 

 United States v. Hall,
 

 664 F.3d 456
 
 , 462 (4th Cir. 2012) (internal quotation marks and citation omitted). Moreover, ballistic evidence indicated that multiple shots were fired from Lynn's firearm and that more would have been fired had it not malfunctioned. The district court's decision not to credit Lynn's testimony is likewise supported by the record-the firing of multiple shots is arguably inconsistent with Lynn's explanation that the shooting was an accident.
 

 B.
 

 Relying on
 
 Setser v. United States
 
 ,
 
 566 U.S. 231
 
 ,
 
 132 S.Ct. 1463
 
 ,
 
 182 L.Ed.2d 455
 
 (2012), Lynn contends that the district court erred in declining to run its sentence concurrently, in whole or in part, with the yet-to-be-imposed state sentence. In light of the now-imposed state sentence, he seeks a remand for reconsideration of that issue by the district court.
 

 In
 
 Setser
 
 , noting that sentencing judges "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings,"
 

 id.
 

 at 236
 
 ,
 
 132 S.Ct. 1463
 
 , the Court held that
 
 18 U.S.C. § 3584
 
 (a) allows judges to impose a federal sentence concurrently or consecutively to an anticipated, but unimposed,
 state sentence,
 

 id.
 

 at 236-39
 
 ,
 
 132 S.Ct. 1463
 
 .
 

 The relevant Sentencing Guideline, added after
 
 Setser
 
 by USSG amendment 787, effective November 1, 2014, provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction ..., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." USSG § 5G1.3(c). There is no question but that Lynn's state charges were relevant conduct to his federal conviction. However, because the Guidelines are advisory, a district court is not obligated to impose a concurrent sentence pursuant to USSG § 5G1.3.
 
 United States v. Nania
 
 ,
 
 724 F.3d 824
 
 , 830 (7th Cir. 2013). Rather, the district court is required to consider the
 
 18 U.S.C. § 3553
 
 (a) factors in determining whether to run sentences consecutively or concurrently.
 
 18 U.S.C. § 3584
 
 (b).
 

 Here the district court provided a thorough explanation of the sentence. The court found that Lynn's offense conduct was extremely serious. The court then explained that it would not order its sentence to run concurrently with the anticipated state sentence in light of this seriousness, remarking that a lengthy term of imprisonment was necessary in this case. The court recognized its discretion to order the sentence to run concurrently, but simply declined to exercise its discretion after considering the required factors. Thus, we discern no abuse of discretion in the district court's decision.
 
 See
 

 United States v. Hall,
 

 825 F.3d 373
 
 , 375-76 (8th Cir. 2016) (upholding decision not to run sentence concurrent to anticipated state sentence based on district court's consideration of the § 3553(a) factors and its explanation that the possibility of a relatively short state sentence that would result in an inappropriate period of imprisonment).
 

 Lynn argues that by declining to order the sentence to run concurrently, the district court treaded on the separation-of-powers issue outlined in
 
 Setser
 
 .
 
 See
 

 566 U.S. at 242-43
 
 ,
 
 132 S.Ct. 1463
 
 . In holding that
 
 18 U.S.C. § 3584
 
 (a) allows a district court to impose a federal sentence concurrently or consecutively to an anticipated state sentence, the Court in
 
 Setser
 
 rejected the parties' argument that when a future state sentence is anticipated, the BOP should decide after the federal sentence has been imposed whether it runs concurrently with or consecutive to the state sentence, based upon its authority granted under
 
 18 U.S.C. § 3621
 
 (b).
 
 [1]
 
 The Court rejected this argument in part out of concern that it would leave sentencing in the hands of "the same Department of Justice that conducts the prosecution."
 
 Setser
 
 ,
 
 566 U.S. at 242
 
 ,
 
 132 S.Ct. 1463
 
 . Instead, the Court determined that in the first instance, the district court, rather than the BOP, should decide whether a federal sentence runs concurrently with or consecutive to an anticipated state sentence.
 

 Id.
 

 at 242-43
 
 ,
 
 132 S.Ct. 1463
 
 . However, recognizing an exception to this determination, the Court stated that "a district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently. In some situations, a district court may have inadequate information and may forbear, but in other situations, that will not be the case."
 

 Id.
 

 at 242
 
 ,
 
 132 S.Ct. 1463
 
 n.6.
 

 Lynn's argument requires us to consider the boundaries of this exception-in what situations does a district court's lack of information permit it to decline to
 order its sentence to run concurrently with an anticipated state sentence? To be sure, these situations will be limited. When a state sentence is anticipated, the district court will normally lack definite information about that sentence, and if this alone were sufficient to permit the district court to forbear, the exception would swallow the rule. Thus, in most cases, the district court should decide whether its sentence will run concurrently with or consecutive to an anticipated state sentence involving relevant conduct. But as pointed out by the Sentencing Commission with regard to USSG § 5G1.3, "[d]etermining whether, and how, to use this discretion will depend on the adequacy of the information available." USSG Amend. 776 (Nov. 1, 2013).
 

 It is clear that Lynn's case was not routine. First, the conduct at issue was extremely serious. As the district court stated, "this is ... one of the most, if not the most, serious forms of a 922(g)(1) offense. The only thing more serious is a shooting in which an individual is actually killed." J.A. 158. Further, the variety of state charges against Lynn, along with his dispute as to the facts surrounding the shooting-in particular, his testimony that the shooting was accidental-made it possible for his anticipated state sentence to range from relatively short to over double his federal sentence. The district court considered this possibility and the effect it would have on any concurrent sentence it might order, ultimately determining that the uncertainty it created prevented the court from accomplishing its proper sentencing objectives.
 

 Of course, we know by now the sentence imposed on Lynn by the state court. But it was not unreasonable at the time of imposing sentence for the district court to have justified doubts as to the scope of that state sentence. As noted by the Court in
 
 Setser
 
 , the fact that the later state sentence may be unexpected, "does not establish that the District Court abused its discretion by imposing an unreasonable sentence."
 
 566 U.S. at 244
 
 ,
 
 132 S.Ct. 1463
 
 . The district court attempted to exercise its power to impose a concurrent or consecutive sentence intelligently, but, for the reasons discussed above, it lacked adequate information to do so. Accordingly, the district court did not err in declining to run its sentence concurrently with the anticipated state sentence.
 
 [2]
 

 Our dissenting colleague parts company with us based upon the contention that the district court violated its procedural
 duty by failing to expressly accept or reject the advisory language of § 5G1.3(c). But the court satisfied its procedural duty when it considered the Guideline and fully explained its rationale for declining to exercise its discretion. For the reasons given above, we find that the district court's explanation given in this case was sufficient, and as authorized by
 
 Setser.
 

 AFFIRMED
 

 That statute provides that the BOP "may designate any available penal or correctional facility ..., whether maintained by the Federal Government or otherwise ..., that the Bureau determines to be appropriate and suitable."
 
 18 U.S.C. § 3621
 
 (b).
 

 Shortly before oral argument, the government submitted additional authority pursuant to Federal Rule of Appellate Procedure 28(j) and Local Rule 28(e), arguing that when Lynn agreed that his state court sentence "shall run consecutively to any other sentence the defendant is now subject to," Lynn waived the issues he raises on appeal, and any error by the district court must be disregarded. We disagree.
 

 Lynn's agreement regarding his state court sentence has no effect on his federal sentence. As previously noted, Lynn was in primary state custody when he was sentenced on the federal charge, and as a result, he will serve his state sentence in its entirety before he serves his federal sentence. "In our American system of dual sovereignty, each sovereign-whether the Federal Government or a State-is responsible for the administration of its own criminal justice system."
 
 Setser
 
 ,
 
 566 U.S. at 241
 
 ,
 
 132 S.Ct. 1463
 
 (internal quotation marks, citation, and alterations omitted). "If a prisoner like [Lynn] starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government ... that decides whether he will receive credit for the time served in state custody."
 

 Id.
 

 Thus, Lynn's state court sentence cannot run consecutively to his federal sentence, and the state court cannot dictate that his federal sentence will run consecutively to his state sentence. Accordingly, Lynn could not-and has not-waived his argument regarding his federal sentence.