**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4443**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

TYRONE LEONARD JAMES, a/k/a Everton Brown, a/k/a Carlton Davis, a/k/a Samuel James, a/k/a Elvis Langley,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:17-cr-00166-H-1)

Submitted: January 29, 2019            Decided: February 5, 2019

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Leonard James appeals his 30-month sentence after pleading guilty to illegal reentry by a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). James argues that the district court erred by failing to consider the required statutory factors when it decided to impose James' sentence to run consecutive to, rather than concurrent with, an undischarged North Carolina sentence James was serving for cocaine trafficking. Finding no reversible error, we affirm.

We review a criminal sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. When a defendant is already subject to an undischarged term of imprisonment, the district court may impose a sentence that runs either concurrent with or consecutive to the undischarged term. 18 U.S.C. § 3584(a) (2012). In making this determination, the district court shall consider the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b); *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019). We review for abuse of discretion a district court's decision to impose a concurrent or consecutive sentence. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995).

Having carefully reviewed the record, we conclude that the district court's imposition of a consecutive sentence did not violate 18 U.S.C. § 3584(b). The district

2

court declined James' request for a concurrent sentence because his federal offense involved conduct and circumstances wholly different from his state offense. Because the "nature and circumstances of the offense" are a proper factor for the district court to consider, *see* 18 U.S.C. § 3553(a)(1), the court's rationale was properly grounded on § 3553(a) considerations, as 18 U.S.C. § 3584(b) requires.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*