**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4494**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEODORO SASTRE ROSAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:17-cr-00455-NCT-3)

Submitted:  January 23, 2019                    Decided:  February 8, 2019

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven T. Meier, STEVEN T. MEIER, P.L.L.C., Charlotte, North Carolina, for Appellant.  Sandra Jane Hairston, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teodoro Sastre Rosas appeals his sentence to the mandatory minimum 60 months in prison after pleading guilty to conspiracy to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). On appeal, Rosas' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether the district court committed reversible error in sentencing him to 60 months. Rosas was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

As a general matter, we review a criminal sentence for both procedural and substantive reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lynn*, 912 F.3d 212, __ (4th Cir. 2019). Rosas questions whether the district court erred in sentencing him to 60 months in prison, given his "minimal involvement in the conspiracy." We have reviewed the record and find no error by the district court. Because Rosas' mandatory minimum sentence was 60 months, the district court was not permitted to sentence him below 60 months "unless 18 U.S.C. §§ 3553(e) or (f) permitted the court to do so." *United States v. Allen*, 450 F.3d 565, 568 (4th Cir. 2006). Rosas failed to satisfy the § 3553(f) safety valve criteria, *see United States v. Bolton*, 858 F.3d 905, 913-14 & n.4 (4th Cir. 2017), and the Government did not move for a substantial assistance departure under § 3553(e).

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to

2

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*