**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4781**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMEIK DESEN ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:17-cr-00032-H-1)

Submitted:  April 30, 2019                             Decided:  May 14, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rameik Desen Anderson appeals his sentence of 96 months of imprisonment for possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). He contends that the district court committed procedural error by failing to apply U.S. Sentencing Guidelines Manual § 5G1.3(c) (2016). This case was placed in abeyance for *United States v. Lynn*, 912 F.3d 212 (4th Cir. 2019). *Lynn* has issued, and this case is now ripe for review. For the reasons that follow, we vacate and remand for resentencing.

"We 'review all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51. "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). In particular, "a district court abuses its discretion when

2

it misapprehends or misapplies the applicable law." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018) (brackets and internal quotation marks omitted).

Under the Sentencing Guidelines,

> If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

USSG § 5G1.3(c). However, "because the Guidelines are advisory, a district court is not obligated to impose a concurrent sentence pursuant to USSG § 5G1.3." *Lynn*, 912 F.3d at 217. Instead, a court is only "required to consider the 18 U.S.C. § 3553(a) factors in determining whether to run sentences consecutively or concurrently." *Id.*

Based on our review of the record, the district court did not address USSG § 5G1.3(c)'s direction that it impose a sentence concurrently with an anticipated state sentence. We conclude that the court's lack of consideration regarding USSG § 5G1.3(c) constitutes an abuse of discretion, as a court cannot properly exercise its discretion if it is not aware of the contours of its discretion. *See Dillard*, 891 F.3d at 158. Although the district court was free to reject the Guidelines, it was required to at least consider the Guidelines. *See Lynn*, 912 F.3d at 215. The record here does not reveal any consideration of USSG § 5G1.3(c) by the district court.

Ultimately, the requirement that a sentence be procedurally reasonable not only "promote[s] the perception of fair sentencing," but also ensures that a reviewing court can provide "meaningful appellate review" of the sentence. *Gall*, 552 U.S. at 50. Because the record does not show that the district court considered USSG § 5G1.3(c), we vacate the

3

judgment and remand for resentencing. We express no opinion as to whether the district court should accept or reject application of USSG § 5G1.3(c) to Anderson's case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*