**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-4756**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YOSAN PONS SOSA,

Defendant - Appellant.

———————

**No. 18-4757**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NAUDI REYES FERNANDEZ, a/k/a Nadi Reyes Fernandez,

Defendant - Appellant.

———————

**No. 18-4758**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAZARO SERRANO DIAZ,

Defendant - Appellant.

_____

**No. 18-4759**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEYLAN MONTALVO GOMEZ,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:17-cr-00071-IMK-MJA-4; 1:17-cr-00071-IMK-MJA-3; 1:17-cr-00071-IMK-MJA-5; 1:17-cr-00071-IMK-MJA-1)

_____

Submitted: June 10, 2019                                                    Decided: July 3, 2019

_____

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Matthew S. Delligatti, KETTERING DELLIGATTI LAW OFFICES, PLLC, Fairmont, West Virginia; David W. Frame, LAW OFFICE OF DAVID W. FRAME, Clarksburg, West Virginia; Michael J. Sharley, Westover, West Virginia; Thomas Dyer, DYER LAW OFFICES, Clarksburg, West Virginia, for Appellants. William J. Powell, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, OFFICE OF THE UNITED

STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Yosan Pons Sosa, Naudi Reyes Fernandez, Lazaro Serrano Diaz, and Meylan Montalvo Gomez (collectively, "Defendants") appeal the sentences imposed following their guilty pleas.[*] The district court sentenced Sosa to 46 months in prison, Fernandez to 51 months in prison, Diaz to 57 months in prison, and Gomez to 57 months in prison. On appeal, Defendants argue that the district court erred in applying a 14-level enhancement to their Sentencing Guidelines calculation based on an intended loss of at least $1 million. We affirm.

In determining loss, the district court applied comment 3(F)(i) of U.S. Sentencing Guidelines Manual § 2B1.1 (2016), which provides that: "In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device." USSG § 2B1.1 cmt. n.3(F)(i). Because Defendants obtained approximately 2000 unique access devices, the district court calculated an intended loss of at least $1 million.

Defendants challenge the application of the $500 per device figure, arguing that they could not logically or feasibly use all of the 2000 access devices they obtained.

---

[*] Defendants each pled guilty to conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (2012). Sosa, Diaz, and Gomez also each pled guilty to use of an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2), (c) (2012), and Fernandez pled guilty to possession of device making equipment in violation of 18 U.S.C. § 1029(a)(4), (c) (2012).

Additionally, there was testimony at sentencing that Defendants only duplicated debit cards, not credit cards.

We review criminal sentences under an abuse of discretion standard for procedural and substantive reasonableness. *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019), *petition for cert. filed*, __ U.S.L.W. __ (U.S. May 24, 2019) (No. 18-9456). "In determining procedural reasonableness, we consider, among other things, whether the court properly determined the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) [(2012)] factors, and sufficiently explained the selected sentence." *Id.* In assessing a Guidelines enhancement, we review findings of fact for clear error and legal conclusions de novo. *United States v. Chandia*, 675 F.3d 239, 337 (4th Cir. 2012) (internal quotation marks omitted). In reviewing the substantive reasonableness of a sentence, "we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in Section 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). A sentence that is within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

Every appellate court that has considered the application of comment 3(F)(i) has rejected Defendants' argument. *See United States v. Moon*, 808 F.3d 1085, 1091-92 (6th Cir. 2015) (collecting cases). We recently rejected a similar argument that focused on whether the access devices were functional. *United States v. Carver*, 916 F.3d 398, 400-01 (4th Cir. 2019). Accordingly, we conclude that the district court properly determined

5

an intended loss of at least $1 million and that Defendants' sentences are procedurally reasonable.

Defendants contend that their sentences are substantively unreasonable because they could not have feasibly used all of the access devices they obtained and the loss amount therefore significantly overstates the seriousness of the offenses. Defendants' sentences are, however, within the Guidelines range and are presumptively substantively reasonable. *See White*, 810 F.3d at 230. We conclude that Defendants have not rebutted this presumption.

We therefore affirm Defendants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*