**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4098**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CLAUDE FOWLER,

Defendant - Appellant.

**No. 19-4099**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CLAUDE FOWLER,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:14-cr-00220-WO-1; 1:18-cr-00188-WO-1)

Submitted: September 25, 2019                    Decided: October 3, 2019

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Kimberly F. Davis, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Claude Fowler pled guilty pursuant to a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced him to 84 months in prison. At the sentencing hearing, Fowler also admitted violating the terms of supervised release for a previous conviction of felon in possession of a firearm. The district court revoked his supervised release and sentenced him to 18 months in prison, to be served consecutively to the new sentence. Fowler noted this timely appeal, and we affirm.

Although Fowler appealed from the revocation of supervised release and 18-month sentence, he fails to raise any challenge to the revocation or sentence in his opening brief. Accordingly, Fowler has waived these issues, and we affirm the revocation of supervised release and sentence. *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) ("First, it is elementary that an issue not presented fairly in an appellant's opening appellate brief is thereby waived.").

Turning to the new sentence, Fowler contends that his sentence is procedurally and substantively unreasonable because the district court failed to address his mental health issues and applied an upward departure without an adequate explanation. We review criminal sentences for abuse of discretion for both procedural and substantive reasonableness. *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019), *petition for cert. filed*, __ U.S.L.W. __ (U.S. May 24, 2019) (No. 18-9456). "In determining procedural reasonableness, we consider, among other things, whether the court properly determined the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) [(2012)] factors, and

3

sufficiently explained the selected sentence." *Id.* "In evaluating substantive reasonableness, we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in Section 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citations and internal quotation marks omitted).

Our review of the record leads us to conclude that the district court did not abuse its discretion in determining Fowler's sentence. The district court clearly considered Fowler's mental health arguments and provided an adequate explanation for an upward departure. Fowler's sentence is procedurally and substantively reasonable.

Accordingly, we affirm Fowler's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*