**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4624**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

NOEL ROMERO-ESPINAL,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:19-cr-00122-D-1)

Submitted: June 30, 2020                                    Decided: July 14, 2020

Before NIEMEYER and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noel Romero-Espinal pled guilty without a plea agreement to one count of illegal reentry by a previously deported felon in violation of 8 U.S.C. § 1326(a), (b)(1) (2018). He was sentenced to a term of 30 months in prison and one year of supervised release. Romero-Espinal contends that the district court erred in calculating his advisory sentencing range. We affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, selected a sentence based on accurate facts, and sufficiently explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). In reviewing whether a sentencing court properly calculated a Guidelines range, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).

Romero-Espinal contends that the district court erred in applying the two-point increase to his criminal history score pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(d) (2018) for committing the offense while under any criminal justice sentence. Romero-Espinal entered the United States in 2011 or 2012, and he was found in the United States in 2019. He contends that because the criminal justice sentence at issue was served

2

in 2015 and 2016 and he was therefore not serving it on either of those dates, the criminal history points should not have been assessed. Because a violation of § 1326 is a continuing offense, Romero-Espinal's argument is without merit. *See United States v. Uribe-Rios*, 558 F.3d 347, 354 (4th Cir. 2009) (discussing nature of § 1326 as a continuing offense in statute of limitations context).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*