**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4580**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALFORNIA JASON WALL, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:18-cr-00284-TDS-1)

Submitted:  July 22, 2020                    Decided:  August 18, 2020

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfornia Jason Wall, Jr., appeals his prison sentence after pleading guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (2018). Before applying a downward departure, the district court selected a sentence at the bottom of his Guidelines range to run consecutively to his undischarged term of imprisonment for an unrelated state offense. On appeal, he contends that his sentence is not substantively reasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citation omitted). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation omitted); *see also United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) (we must review procedural reasonableness of sentence before addressing substantive reasonableness).

"When considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh,* 951 F.3d at 176 (citation omitted); *see also Gall*, 552 U.S. at 59-60 (an appellate court must give due deference to a district court's "reasoned and reasonable decision that

2

the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted). A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a) (2018). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b) (2018); *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019). Even when U.S. Sentencing Guidelines Manual § 5G1.3 (2018) provides that the sentences shall run concurrently, "a district court is not obligated to impose a concurrent sentence" because "the Guidelines are advisory." *Lynn*, 912 F.3d at 217. "Rather, the district court is required to consider the 18 U.S.C. § 3553(a) factors in determining whether to run sentences consecutively or concurrently." *Id.* (citing 18 U.S.C. § 3584(b)).

We have reviewed the record and conclude that Wall's sentence is procedurally and substantively reasonable. On appeal, he does not assert any procedural error but contends his sentence at the bottom of his Guidelines range as a career offender to run consecutively to his undischarged state sentence as a habitual felon for an unrelated offense is excessive in relation to the seriousness of his offense and overall criminal conduct. We disagree.

The district court adopted the presentence report finding the policy statement in USSG § 5G1.3(d) was applicable in this case. Under both the advisory Guidelines and 18 U.S.C. § 3584(b), the district court had discretion to run Wall's sentence consecutively or concurrently to his undischarged state sentence after considering the 18 U.S.C. § 3553(a) factors. Here, the court reasonably found the offense of conviction was serious; and a consecutive sentence at the bottom of his Guidelines range was appropriate given the nature of the convictions, the continual nature of his theft offenses, and the fact that his prior sentences were insufficient to stop him from stealing from people. Wall fails to rebut the presumption that his sentence is reasonable; and we defer to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*