**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4352**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JORDAN ARMAND TERRELL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00452-WO-1)

Submitted: July 14, 2021                      Decided: July 28, 2021

Before KEENAN, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Armand Terrell pled guilty pursuant to a plea agreement to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a sentence of 108 months' imprisonment. On appeal, Terrell contends that the district court erred at sentencing by applying a cross-reference to attempted murder, *see* U.S. Sentencing Guidelines Manual §§ 2A2.1(a)(2), 2K2.1(c)(1)(A), 2X1.1(a) (2018). We affirm.

Terrell challenges the application of the cross-reference in USSG § 2K2.1(c)(1), arguing that the facts underlying his conviction do not support the cross-reference to attempted second-degree murder because he acted in the heat of passion. "We review the factual findings underlying a district court's application of a [Sentencing] Guidelines cross-reference for clear error and the court's legal conclusions de novo." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019). "[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019) (internal quotation marks omitted). "In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Lynn*, 912 F.3d at 216 (internal quotation marks omitted).

Here, the district court found that Terrell committed attempted second-degree murder in conjunction with his possession of ammunition. "Murder is the unlawful killing of a human being with malice aforethought," 18 U.S.C. § 1111(a), while "[voluntary]

2

manslaughter is the unlawful killing of a human being without malice . . . . [u]pon a sudden quarrel or heat of passion," 18 U.S.C. § 1112(a). Malice aforethought is a necessary component of second-degree murder and "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Lynn*, 912 F.3d at 216 (internal quotation marks omitted). Thus, to apply the cross-reference, the sentencing court must find by a preponderance of the evidence that the defendant acted with malice and that the attempted killing was not committed upon a sudden quarrel or heat of passion. In this case, after Terrell reached a point of safety from an altercation initiated by the victim, he returned with a firearm and, in a ski mask, approached the victim, and shot at the victim numerous times. We conclude that a preponderance of the evidence supported the cross-reference to attempted second-degree murder.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3