**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-4457**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STACEY TREMAINE JOHNSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:17-cr-00147-FL-1)

---

Submitted:  November 30, 2021                    Decided:  January 12, 2022

---

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacey Tremaine Johnson was convicted following a jury trial of (1) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 4).  Prior to trial, Johnson pled guilty to Count 1 of the indictment, which charged him with possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1).  Johnson pled guilty to Count 1 and proceeded to trial on Counts 2, 3, and 4.  The jury convicted him of all three counts.  The district court imposed a total sentence of 240 months' imprisonment:  180 months on Counts 1 and 2, to run concurrently; 120 months on Count 3, to run concurrently with Counts 1 and 2; and a consecutive 60-month sentence on Count 4.  Johnson appeals, raising the following claims: (1) the evidence was insufficient to support the jury's verdict with respect to Count 4; (2) the district court erroneously applied the attempted murder cross-reference in calculating Johnson's advisory Sentencing Guidelines range; and, (3) his 240-month sentence is substantively unreasonable.  In a supplemental brief, Johnson also challenges his § 922(g) conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which issued while his appeal was pending.

On August 19, 2017, officers from the Wilmington, North Carolina, police department responded to a "shots fired" call and found 14 spent .40 caliber shell casings, later determined to have been fired from a Glock pistol.  The following day, a drive-by shooting took place at Ruth's Grocery Store in Wilmington; two people had been shot and

injured.  Five .40 caliber shell casings, and two from a .45 caliber weapon, were found at the scene.

A confidential informant reported that Johnson was responsible for both shooting incidents, allegedly in retaliation for a drug robbery where Johnson was the victim. Johnson was arrested pursuant to a warrant on August 22, 2017, after a short chase on foot. A Glock pistol and bag containing crack cocaine were found along the path where Johnson was seen running.  Additionally, officers found $1897 cash on Johnson's person.  Ballistics tests confirmed that the gun found just after Johnson's arrest was the same Glock used in both shootings.  Finally, Johnson's DNA was found on the Glock's trigger, magazine, and grip.

> The district court later instructed jury with respect to Count 4 as follows:
>
> Now, I'm going to define what "carry" means. "Carry" requires knowing possession and movement, conveying, transporting, or bearing the firearm in some manner.  But the firearm does not have to be readily accessible. A firearm, or ammunition, is carried "in relation to" a drug trafficking offense if it has some purpose or effect with respect to the crime, and its presence was not the result of accident or coincidence. The firearm must facilitate, or potentially facilitate, the crime.
>
> [In order to] [p]rove the defendant possessed the firearm "in furtherance" of the drug trafficking offense, the Government must prove that he possessed a firearm that furthers, advances, or helps forward the drug trafficking offense.

The presentence report (PSR) recommended an adjusted total offense level of 35, calculated as follows:  a base offense level of 33, applying the attempted murder cross-reference for the § 922(g) offense, U.S. Sentencing Guidelines Manual ("USSG") § 2A2.1; and a two-level enhancement because the victims of the second shooting sustained serious injuries.  Based on a criminal history category of IV, Johnson's advisory Sentencing

3

Guidelines range for Counts 1, 2, and 3 was 235-293 months' imprisonment. The mandatory minimum for Count 4 was 60 months' imprisonment. Therefore, Johnson's effective advisory Guidelines range was 295-353 months' imprisonment. At sentencing, the district court stated that the advisory range was "too long in light of the factors under the Sentencing Reform Act," and, after considering the relevant factors under 18 U.S.C. § 3553(a), imposed a below-Guidelines sentence of 240 months on all counts.

Johnson argues, first, that the district court erroneously instructed the jury with respect to Count 4 and, therefore, the evidence was insufficient to convict him of that count. This court will sustain a verdict if it is supported by substantial evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In doing so we view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government. *United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996).

"A trial court's jury instructions are reviewed for abuse of discretion. Of course, an error of law constitutes an abuse of discretion." *United States v. Jeffers*, 570 F.3d 557, 566 (4th Cir. 2009) (internal quotation marks and citations omitted). In reviewing the accuracy of jury instructions, this court has held it will "accord the district court much discretion and will not reverse provided that instructions, taken as a whole, adequately state the controlling law." *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994).

4

A violation of § 924(c)(1) requires proof that Johnson "(1) committed a drug trafficking offense and (2) possessed a firearm," *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021), (3) "that . . . furthered, advanced, or helped forward" the drug trafficking crime, *United States v. Hardy*, 999 F.3d 250, 257 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, No. 21-5610, 2021 WL 4733599 (U.S. Oct. 12, 2021).

Johnson argues that the Government failed to provide evidence to show that the firearm was used or carried to facilitate the possession or distribution of the drugs on August 20. Contrary to Johnson's assertion, however, the evidence supported a reasonable inference that Johnson used or carried the .40 caliber Glock pistol in furtherance of a drug trafficking crime: the pistol (with Johnson's DNA on it) was found in immediate proximity to 12.8 grams of crack cocaine. Moreover, the district court correctly instructed the jury on the § 924(c) count, tracking the language of the statute.

Next, Johnson challenges the application of the attempted murder cross reference in calculating his advisory Sentencing Guidelines range. "In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted). "[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019) (internal quotation marks omitted). We "review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and the court's legal conclusions de novo." *Lynn*, 912 F.3d at 216.

5

At Johnson's sentencing hearing, Wilmington Police Detective Lonnie Waddell testified that a reliable confidential informant provided background information regarding the two drive-by shootings.  According to the informant, Johnson had been robbed, pistol-whipped, and stripped down to his underwear by Anthony Tindall earlier in the day on August 19th.  The informant stated that Johnson had twice attempted to shoot Tindall as revenge, both in drive-by shootings.  Waddell also interviewed Tindall, who confirmed the information provided by the informant. We discern no clear error in the district court's conclusion that Johnson was attempting to kill Tindall.

Johnson also argues that his sentence is substantively unreasonable.  We have held that "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  Here, the district court sentenced Johnson to a below-Guidelines sentence.  Accordingly, his sentence is presumptively substantively reasonable, and Johnson fails to explain how the sentence is nevertheless unreasonable when measured against the § 3553(a) factors.

Finally, we address the impact of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding a § 922(g) offense requires proof that the defendant knew of his prohibited status) on Johnson's § 922(g) conviction.  In a subsequent opinion, the Supreme Court clarified that "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."

6

*Greer v. United States*, 141 S. Ct. 2090, 2100 (2021).  Here, Johnson stipulated that he was a convicted felon.  Accordingly, he cannot establish plain error under *Rehaif* and *Greer*.

Therefore, we affirm Johnson's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*