# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 21-4215

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DESTIN DEVAUNTA WILSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00281-D-1)

Submitted:  March 18, 2022                     Decided:  April 4, 2022

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Destin Devaunta Wilson appeals the 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Wilson argues that the district court erred in applying a cross-reference to the Sentencing Guideline for attempted first degree murder, *see* U.S. Sentencing Guidelines Manual § 2A2.1(a)(1) (2018), as the evidence did not support a finding that he acted with premeditation when he shot the victim. We affirm.

"We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and the court's legal conclusions de novo." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019). Where a defendant has been convicted of illegal possession of a firearm, "USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *United States v. Ashford*, 718 F.3d 377, 381 (4th Cir. 2013). The Government bears the burden to prove the cross-referenced offense by a preponderance of the evidence. *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019).

The attempted murder Guideline provides for a base offense level of 33 "if the object of the offense would have constituted first degree murder," as defined in 18 U.S.C. § 1111, or 27 "otherwise." USSG § 2A2.1(a) & cmt. n.1. As relevant here, § 1111 defines murder, whether first or second degree, as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). "[M]alice aforethought may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable

2

standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003) (internal quotation marks omitted); *see id.* (explaining that "the Government does not have to show an intent to kill or injure"). First degree murder requires additional proof of premeditation. *Ashford*, 718 F.3d at 384; *see* 18 U.S.C. § 1111(a).

"[P]remeditation exists when a person has a fully formed conscious purpose to kill, even for a moment." *United States v. Ball*, 18 F.4th 445, 456 (4th Cir. 2021) (internal quotation marks omitted). "In other words, the mental state required for premeditation must exist only for such time as will allow the accused to be conscious of the nature of the act he was about to commit and the probable result of the act." *Id.* at 456-57 (cleaned up).

We conclude that the district court did not err in applying the cross-reference. The district court found that Wilson had a history of conflict with the victim and had recently completed a prison sentence imposed after he assaulted the victim by pointing a firearm at him on an earlier occasion. During the current offense, Wilson encountered the victim in the midst of a protracted argument with the victim's sister. Wilson briefly left the area, aware that the victim had arrived, but made the decision to return while armed. Intending to end any conflict with the victim before it started, Wilson approached the victim and fired one shot into his neck. The court acknowledged Wilson's comments to law enforcement that he did not want to hurt the victim and hoped that the victim lived, but it found these post hoc statements unpersuasive in light of Wilson's conduct. Based on these findings— and despite any tendency Wilson may have toward impulsivity—we find sufficient support

3

for the district court's determination that, more likely than not, Wilson acted with premeditation.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We are unpersuaded by Wilson's reliance on our decision in *Ashford*, in which we addressed the element of malice, not premeditation. *See* 718 F.3d at 384.