**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7187**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW HIGHTOWER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George Jarrod Hazel, District Judge. (1:15-cr-00322-GJH-3; 8:19-cv-01719-GJH)

Submitted: April 22, 2024                    Decided: April 30, 2024

Before AGEE and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Matthew Hightower, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Hightower seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

On appeal, Hightower challenges the district court's rejection of his claim that counsel rendered ineffective assistance by failing to object to the application of the second-degree murder cross-reference in U.S. Sentencing Guidelines Manual § 2A1.2 (2015). *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under [4th Cir. R. 34(b)], our review is limited to issues preserved in that brief."). We agree with the district court's conclusion that counsel's performance was not deficient. To the contrary, counsel's zealous advocacy convinced the court that Hightower did not intend to kill the victim but acted with reckless disregard for the victim's life. *See United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (describing mens rea for second-

2

degree murder). Hightower also cannot establish prejudice because the court was clear that it would have calculated the same Sentencing Guidelines range through a departure.

Because jurists of reason could not find debatable the district court's rejection of Hightower's claim that counsel rendered ineffective assistance by failing to object to the application of the second-degree murder cross-reference, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
