**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4900**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ALFRED LEE HANZY, JR., a/k/a Kat,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, Chief District Judge. (4:16-cr-00069-BO-1)

Submitted: December 30, 2019               Decided: March 18, 2020

Before KING, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kelly Margolis Dagger, Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Lee Hanzy pleaded guilty, without a written plea agreement, to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2018), and maintaining a place for the purpose of manufacturing, distributing, or using controlled substances, in violation of 21 U.S.C. § 856(a)(1) (2018). On appeal, Hanzy contends that his 84-month upward variant sentence is procedurally and substantively unreasonable. For the following reasons, we affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). "In determining procedural reasonableness, we consider, among other things, whether the court . . . considered the 18 U.S.C. § 3553(a) [(2018)] factors, and sufficiently explained the selected sentence." *Id.* "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). This standard requires the district court to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 206 (2019). "[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted).

Rather, "the district court must provide some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Ross*, 912 F.3d at 744 (internal quotation marks omitted).

After reviewing the record, we conclude that Hanzy's sentence is procedurally reasonable. The district court sufficiently explained its chosen sentence, as it specifically explained that it found Hanzy's criminal history to be extraordinary, recognized that Hanzy had previously been convicted for multiple drug trafficking offenses, and noted that Hanzy would have been classified as a career offender under the Sentencing Guidelines if his full criminal history had been scored. The district court's statements highlighting that Hanzy was still selling drugs, albeit now from his house, also adequately explained its rejection of Hanzy's argument that there was a relevant distinction between his current conviction and his prior convictions. Because Hanzy's sentence is procedurally sound, we have also considered whether his sentence is substantively reasonable, and our review of the record leads us to conclude that it is.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3