**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4330**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN HENRY JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:17-cr-00108-BHH-26)

Submitted: February 28, 2020                           Decided: April 20, 2020

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William Michael Duncan, AUSTIN & ROGERS, PA, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Andrew B. Moorman, Sr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, John Henry Johnson was convicted of conspiracy to possess with the intent to distribute and to distribute heroin, cocaine, fentanyl, and marijuana, in violation of 21 U.S.C. § 846 (2018), and attempted distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2018). He appeals his convictions and 230-month sentence, arguing that there was insufficient evidence presented at trial to support his convictions and that his sentence is unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) (2018). We affirm.

"A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 238 (2018). "A jury verdict will be sustained so long as there is substantial evidence in the record to support it." *United States v. Small*, 944 F.3d 490, 499 (4th Cir. 2019) (internal quotation marks omitted), *petition for cert. filed*, No. 19-1102 (U.S. Mar. 5, 2020). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Savage*, 885 F.3d at 219 (internal quotation marks omitted). "When evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the government and ask whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Small*, 944 F.3d at 499 (citations and internal quotation marks omitted). In making this

2

determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012).

To establish guilt of conspiracy to distribute controlled substances, the government must prove that (1) an agreement to possess the controlled substance with intent to distribute existed between two or more individuals; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily joined the conspiracy. *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013). "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement." *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). Thus, "[a] conspiracy may be proved wholly by circumstantial evidence." *Allen*, 716 F.3d at 103 (internal quotation marks omitted). "[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *Id.* (internal quotation marks omitted). "Therefore, once a conspiracy is proven, the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction." *Id.* (internal quotation marks omitted).

"A mere buyer-seller relationship is insufficient to support a conspiracy conviction." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014). However, "evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008). "Additionally, evidence of a defendant buying

or selling a substantial quantity of drugs over a short period of time is enough to raise an inference of a distribution conspiracy." *Allen*, 716 F.3d at 104.

Here, viewing the evidence in the light most favorable to the government, there was evidence that Johnson's supplier delivered heroin to Johnson and others, both personally and through a courier. The deliveries to Johnson occurred regularly, two to three times a month for five months. At 7 to 14 grams per delivery, these transactions represented more heroin than the "street dosage" quantities of 0.25 to 0.3 grams. Johnson sold the heroin to his own customers and paid his supplier with the proceeds. On two occasions in early 2017, Johnson agreed to sell heroin to a confidential informant. We conclude that the evidence is sufficient to support the jury's verdict as to the conspiracy charge.

"An attempt to commit a crime, which is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance." *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003). To convict a defendant of an attempt, the government must prove "beyond a reasonable doubt (1) culpable intent to commit the crime charged and (2) a substantial step towards the completion of the crime that strongly corroborates that intent." *United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996). A substantial step is more than mere preparation but less than completion of the crime. *Id.*

To convict a defendant in a sham delivery case, the government "must, of course, prove the defendant's subjective intent to purchase (or sell) actual narcotics beyond a reasonable doubt." *United States v. Pennell*, 737 F.2d 521, 525 (6th Cir. 1984) (holding

4

that defendant could be convicted of attempt to possess controlled substance even though substance he purchased from government agents was not real cocaine); *see United States v. Fletcher*, 945 F.2d 725, 727–28 (4th Cir. 1991) (affirming conviction for attempted distribution of PCP where defendants intended to distribute PCP but actually distributed a noncontrolled substance). "[T]he objective acts performed, without any reliance on the accompanying mens rea, [must] mark the defendant's conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law." *Pennell*, 737 F.2d at 525. "[T]he defendant's objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics." *Id.*

Here, viewing the evidence in the light most favorable to the government, on two occasions a confidential informant asked Johnson to sell him heroin, and Johnson agreed. Johnson assured the informant that he was not selling him fake drugs. The substance Johnson delivered to the informant was packaged in rectangular foil slips, which is how heroin is typically packaged for sale on the street. And Johnson's supplier and the supplier's courier testified that they regularly sold Johnson what they believed to be heroin. We conclude that this evidence is sufficient to establish that Johnson's subjective intent was to sell heroin, despite the fact that the substance he distributed was actually fentanyl, and we therefore affirm the jury's verdict as to the attempted distribution convictions.

Turning to Johnson's sentence, we review criminal sentences for reasonableness using "a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). This

5

review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id*. at 51; *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted), and Johnson bears the burden of rebutting the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court considered Johnson's arguments that his history and personal characteristics warranted a sentence far below the Sentencing Guidelines range but found that a sentence only moderately below the Guidelines range was appropriate. In reaching this conclusion, the court relied heavily on Johnson's extensive criminal history, which demonstrated that he lacked respect for the law and that he had not been deterred either by his many previous sentences or by his advanced age. The district court also noted the seriousness of the offense in that, although Johnson attempted to distribute heroin, he actually distributed fentanyl, a deadly substance. Nevertheless, as an act of compassion,

6

the court imposed a sentence that was 32 months below the applicable Guidelines range. We conclude that Johnson has failed to rebut the presumption of reasonableness that we afford his below-Guidelines sentence and that the district court did not abuse its discretion in imposing Johnson's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*