**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4728**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYHEM NAJOHN PICKETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00381-WO-1)

Submitted:  June 18, 2020                    Decided:  June 26, 2020

Before NIEMEYER and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kimberly Furr Davis, Winston-Salem, North Carolina, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryhem Najohn Pickett appeals his 50-month sentence imposed by the district court after he pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2018). Pickett's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Pickett's sentence is reasonable. Pickett did not file a pro se supplemental brief despite being notified of his right to do so. For the following reasons, we affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). In determining procedural reasonableness, we consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, selected a sentence based on accurate facts, and sufficiently explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). "[I]f, and only if, we find the sentence procedurally reasonable" will we then consider whether the sentence is substantively reasonable. *United States v. Provance*, 944 F.3d. 213, 218 (4th Cir. 2019) (internal quotation marks omitted). In doing so, we look to "the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in [§] 3553(a)," *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015), and presume a within- or below-Guidelines sentence is substantively reasonable, *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

After reviewing the record, we conclude that Pickett's sentence is procedurally and substantively reasonable.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pickett, in writing, of the right to petition the Supreme Court of the United States for further review. If Pickett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pickett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*