**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4166**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA N. WRIGHT,

Defendant - Appellant.

**No. 16-4180**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAMAINE STANDBERRY,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:15-cr-00102-HEH-1; 3:15-cr-00102-HEH-2)

Submitted: September 1, 2020                    Decided: September 2, 2020

Before AGEE and QUATTLEBAUM, Circuit Judges, and Thomas S. KLEEH, United States District Judge for the Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Mark Diamond, Richmond, Virginia; Joseph R. Winston, LAW OFFICES OF JOSEPH R. WINSTON, Richmond, Virginia, for Appellants. Dana J. Boente, United States Attorney, Richard D. Cooke, Stephen E. Anthony, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Nathaniel Wright and Tramaine Tre'quan Standberry were convicted of interference with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951 (2018), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii) (2018). On appeal, Wright and Standberry[*] contend (1) that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3) (2018); (2) that the district court erred by instructing the jury that Hobbs Act robbery is a crime of violence under § 924(c); (3) that the district court abused its discretion by finding by a preponderance of the evidence that they had committed two robberies of which they had not been convicted, and varying upwardly in each of their sentences to reflect that conduct; (4) that the district court clearly erred by finding they had committed an abduction within the meaning of the Sentencing Guidelines; (5) that the district court clearly erred in refusing to grant Wright a sentence reduction for acceptance of responsibility; and (6) that Wright's 276-month upward variant sentence is substantively unreasonable. For the following reasons, we affirm.

Wright and Standberry first argue that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3) and thus cannot serve as a predicate offense for their 18 U.S.C. § 924(c)(1)(A) convictions. This argument is foreclosed by our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

---

[*] We deny Standberry's motion to file a pro se supplemental brief.

3

Wright and Standberry next argue that the district court erred by instructing the jury that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3). "We review a district court's decision to give a particular jury instruction for abuse of discretion" and "whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir.), *cert. denied*, 139 S. Ct. 130 (2018). We "must determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* at 89 (internal quotation marks omitted). We have reviewed the record and the relevant legal authorities and conclude the district court did not abuse its discretion in instructing the jury.

Third, both Wright and Standberry argue the district court erred by varying upwardly to account for robberies of which the jury had acquitted them or for which they had not been charged. A sentencing court is free to consider acquitted or uncharged conduct in calculating a defendant's Guidelines range. *See United States v. Lawing*, 703 F.3d 229, 241 (4th Cir. 2012). Acknowledging this fact, Wright and Standberry argue that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the sentencing court can only consider such conduct under a reasonable doubt standard, rather than under the preponderance standard established in *Lawing*, or must at least use a higher standard of proof when imposing a significant upward variance. However, we have continually held that "a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009); *see also United States v. Slager*, 912

4

F.3d 224, 233 (4th Cir.) ("When sentencing courts engage in fact finding, preponderance of the evidence is the appropriate standard of proof." (internal quotation marks omitted)), *cert. denied*, 139 S. Ct. 2679 (2019). Accordingly, we conclude that "[t]his argument is too creative for the law as it stands." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008).

Fourth, both Wright and Standberry argue that the district court improperly applied a four-level enhancement for abduction under the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(A) (2018). The Government bears the burden to prove by a preponderance of the evidence that a sentencing enhancement applies. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). "In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks omitted). Clear error occurs when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted).

A victim is "abducted" if he is "forced to accompany an offender to a different location." USSG § 1B1.1 cmt. n.1(A). We have adopted a "flexible, case by case approach to determining when movement to a different location has occurred," *Osborne*, 514 F.3d at 390 (internal quotation marks omitted). In addition, the Supreme Court has held that accompaniment "must constitute movement that would normally be described as from one place to another, even if only from one spot within a room or outdoors to a different one," but does not require movement across "large distances." *Whitfield v. United States*, 574

5

U.S. 265, 268 (2015); *see also Osborne*, 514 F.3d at 388 (explaining that "movement within the confines of a single building can constitute movement to a different location" (internal quotation marks omitted)). "[E]ven a temporary abduction can constitute an abduction for purposes of the [S]entencing [G]uidelines." *United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996). We have reviewed the record and relevant legal authorities and conclude the district court did not clearly err in finding that Wright and Standberry abducted the store employees within the meaning of the Sentencing Guidelines.

Fifth, Wright challenges the district court's decision not to grant him a two-level reduction for acceptance of responsibility. "We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error" and accord "great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (brackets and internal quotation marks omitted); *see* USSG § 3E1.1 cmt. n.5 (same). To qualify for the two-level acceptance of responsibility reduction, "a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, cmt. n.2. However, "[i]n rare situations," including "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," such as a "constitutional challenge to

6

statute," the "defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct." *Id.* We have reviewed the record on this point and conclude that the district court did not clearly err in finding Wright had not clearly accepted responsibility for the robbery for which he was convicted.

Finally, Wright argues his sentence is unreasonable because it is longer than he would have received had the court applied a career offender enhancement under the Guidelines. We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). In evaluating a sentencing court's calculation of the advisory Guidelines range, "[w]e review the district court's factual findings for clear error and legal conclusions de novo." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017). We have reviewed the record on this point and find that Wright's sentence is procedurally and substantively reasonable.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*