**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4296**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN BURROWS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:14-cr-00051-GMG-RWT-1)

Submitted:  September 30, 2021                     Decided:  October 19, 2021

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

B. Craig Manford, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Kimberley Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Burrows pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Burrows to 121 months' imprisonment and a supervised release term of life. On appeal, Burrows argues that (1) the district court plainly erred when the court and the U.S. Attorney appeared by teleconferencing rather than videoconferencing; and (2) his sentence is substantively unreasonable. For the reasons below, we affirm.

I.

The Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528–29 (2020), dictates that if emergency conditions due to the COVID-19 pandemic affect the functioning of the federal courts, and if "felony sentencings . . . cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice, . . . sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available." § 15002(b)(2)(A). Burrows concedes that he voluntarily waived his right to an in-person, in-court appearance, but he claims that his due process rights were violated when the district court and U.S. Attorney appeared via teleconference when videoconferencing was "reasonably available." Burrows did not object to this arrangement in district court.

Where a defendant fails to raise an objection in the district court, our review is for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To demonstrate

2

plain error, Burrows must establish that (1) an error occurred, (2) the error was plain—that is, "clear or obvious," and (3) the error affected his substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). In the sentencing context, a defendant shows that an error affected his substantial rights by showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 1904–05 (internal quotation marks omitted). Even if these requirements are met, we will correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (internal quotation marks omitted).

Assuming an error was made, Burrows has nonetheless failed to establish that this error affected his substantial rights. Burrows does not explain how the outcome of the sentencing hearing would have been different if he and his counsel had been able to see the court and the U.S. Attorney. Therefore, Burrows has failed to establish plain error.

II.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted). In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on accurate facts, and sufficiently explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). "If [we] find[] no significant procedural error,

[we] then consider[] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (alterations and internal quotation marks omitted).

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted); *see also Gall*, 552 U.S. at 59–60 (directing that an appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Zelaya,* 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted). A defendant rebuts this presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Burrows's sentence is procedurally reasonable. The district court did not abuse its discretion in finding that a sentence at the high end of the Guidelines range was warranted to punish Burrows for very serious conduct that contributed to the ongoing victimization of children. We further find no abuse of discretion in the court's consideration of Burrows's flight to Australia as consciousness of guilt and its determination that Burrows knew he was sharing pornographic files with others on a peer-to-peer file-sharing network. Moreover, Burrows has failed to rebut the presumption that his Guidelines sentence is substantively reasonable.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*