**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4424**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN SHANNON SIMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge. (9:19-cr-00068-DCN-1)

Submitted: March 30, 2022                          Decided: April 15, 2022

Before DIAZ and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Dean H. Secor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Shannon Simpson appeals the 48-month prison sentence imposed following his guilty plea, pursuant to a written plea agreement, to wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Simpson argues that his sentence is procedurally unreasonable. We affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We first ensure that the sentence contains no significant procedural error, such as miscalculating the Sentencing Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) factors, or insufficiently explaining the sentence, "including an explanation for any deviation from the Guidelines range." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (cleaned up). If we find the sentence procedurally reasonable, we also may consider the substantive reasonableness of the sentence. *Id.*

Simpson contends that the district court committed reversible procedural error by failing to apply an adjustment for time served and failing to impose a concurrent sentence under U.S. Sentencing Guidelines Manual § 5G1.3(b) (2018). Section 5G1.3(b) provides instructions for imposing a sentence when the defendant is serving an undischarged term of imprisonment for a crime that was relevant conduct in the current offense and states:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

2

USSG § 5G1.3(b). We held in *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019), that, in applying USSG § 5G1.3(c) to anticipated state sentences, "because the Guidelines are advisory, a district court is not obligated to impose a concurrent sentence pursuant to USSG § 5G1.3." *See also United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013) (stating that the court is not obligated to impose a concurrent sentence even if USSG § 5G1.3(b) applies).

In this case, because Simpson was serving a state sentence that resulted from relevant conduct to his federal wire fraud charge, USSG § 5G1.3(b) was applicable. It instructed that Simpson receive credit for the time he had already served on his state sentence and receive a sentence to run concurrently with the remainder of his state sentence. In making its sentencing determination, the district court stated that Simpson's obstruction of justice was already accounted for in his state sentence, but that there had to be some additional punishment for the wire fraud offense, which was not contemplated in his state sentence. The district court found that a 48-month term of imprisonment in addition to Simpson's state sentence would properly punish the wire fraud without double counting the obstruction of justice. However, the court achieved this result by imposing a consecutive sentence and departing downward rather than applying a concurrent sentence under USSG § 5G1.3(b) and departing upward.

As the district court properly considered the application of USSG § 5G1.3(b) in imposing Simpson's sentence and explained its deviation, the court did not commit procedural error by failing to strictly adhere to the provision. Accordingly, we affirm the

district court's amended criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*