**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4516**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVON ALEXANDER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:18-cr-00258-1)

Submitted:  March 24, 2022                           Decided:  April 20, 2022

Before NIEMEYER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brady A. Campbell, CAMPBELL LAW OFFICES, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Alexander appeals the 84-month sentence imposed after a jury convicted him of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a). On appeal, Alexander argues that the district court procedurally erred when calculating his advisory Sentencing Guidelines range by finding that he constructively possessed certain drugs and firearms found during a search. We affirm.

We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019). "The government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019) (cleaned up). "In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Lynn*, 912 F.3d at 216 (internal quotation marks omitted).

Here, the district court concluded that the cross-reference applied to the Guideline for possession with intent to distribute a controlled substance, USSG § 2D1.1. Thus, the Government was required to prove by a preponderance of the evidence that Alexander knowingly or intentionally possessed a controlled substance with the intent to distribute. 21 U.S.C. § 841(a)(1). "[P]ossession with the intent to distribute may be based on actual or constructive possession." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). "Constructive possession requires ownership, dominion, or control over the contraband or

the premises or vehicle in which the contraband was concealed and knowledge of the presence of the contraband." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted). "Circumstantial evidence may be sufficient, considering the totality of the circumstances surrounding the defendant's arrest and his alleged possession, to establish constructive possession." *Id.* at 190 (cleaned up).

Upon review of the record, we conclude that Alexander had constructive possession of the methamphetamine found in the apartment; officers found it in the kitchen ceiling, and there were text messages on his phone indicating that he was selling drugs. Accordingly, the district court did not err in applying the cross-reference when calculating Alexander's advisory Guidelines range. We further conclude that the district court did not err in applying the 2-level enhancement for possession of a firearm, USSG § 2D1.1(b)(1), as Alexander was in actual possession of a firearm at the time of the search.[*] Thus, the district court did not err in calculating Alexander's advisory Guidelines range.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We do not reach the question of whether the district court erred in finding that Alexander constructively possessed the other firearms found in the residence; because the court properly applied the cross-reference and associated enhancement, that issue is not necessary for the resolution of this appeal.