**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4349**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROMEO KEVANTE PRIDE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00306-CCE-1)

_____

Submitted:  November 21, 2023                     Decided:  November 28, 2023

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Romeo Kevante Pride pleaded guilty, pursuant to a written plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Pride's conviction stemmed from his involvement in a shootout that occurred in a Durham, North Carolina, shopping mall on "Black Friday." Pride and two bystanders were shot during the incident. The district court sentenced Pride to 110 months' imprisonment—the bottom of his advisory Sentencing Guidelines range. On appeal, Pride's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pride's sentence is reasonable. Pride has filed a pro se supplemental brief presenting three arguments: (1) the district court erred in calculating his Guidelines range by applying a cross-reference to the Guidelines provision for robbery; (2) the district court assigned excessive weight to his criminal history in assessing the 18 U.S.C. § 3553(a) factors; and (3) his trial counsel performed deficiently in several respects. For the reasons stated below, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

2

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Pride's sentence of imprisonment is procedurally reasonable. Although Pride contests the district court's application of the cross-reference to the robbery provision of the Guidelines, *see* U.S. Sentencing Guidelines Manual §§ 2K2.1(c), 2X1.1(a), 2B3.1(a) (2021), we are satisfied that the district court did not clearly err in applying that cross-reference after crediting the testimony of a witness who stated that the impetus for the shootout was Pride's attempted robbery of the witness at gunpoint. *See United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) ("We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and the court's legal conclusions de novo."); *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) (explaining that district court's credibility determinations at sentencing are entitled to great deference). The district court also correctly calculated the Guidelines range in all other respects, adequately considered the § 3553(a) factors, provided a

3

meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's mitigation arguments. *See Gall*, 552 U.S. at 49-51.

We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Pride's 110-month sentence of imprisonment. While Pride correctly observes that the district court assigned significant weight to his troubling criminal history involving the use of firearms—including convictions for conspiracy to commit robbery with a dangerous weapon, felony assault with a deadly weapon, and possession of a firearm by a felon—it was within the court's broad discretion to do so. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). Moreover, the district court did not solely rely on Pride's criminal history in assessing the § 3553(a) factors and justifying Pride's sentence. *Cf. United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (explaining that "excessive weight" should not be given to any single § 3553(a) factor (internal quotation marks omitted)). Rather, in addition to Pride's criminal history, the district court considered the seriousness of the offense and the need to specifically deter Pride from committing future offenses. The court also weighed the mitigating facts of Pride's case, including his significant health issues due to being shot, his challenging upbringing, and his acceptance of responsibility. After considering the aggravating and mitigating facts in the context of the § 3553(a)

factors, the district court reasonably arrived at a sentence of 110 months. We therefore conclude that Pride's sentence of imprisonment is substantively reasonable.[*]

Finally, Pride contends that his trial counsel performed deficiently in several ways. We do not consider ineffective assistance of counsel claims on direct appeal, however, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). "Because there is no conclusive evidence of ineffective assistance on the face of this record, we conclude that [Pride's] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Pride, in writing, of the right to petition the Supreme Court of the United States for further review. If Pride requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pride.

---

[*] Insofar as Pride asks us to remand and instruct the district court to make his 110-month sentence run concurrently to any state sentence imposed for unrelated charges, we reject that request. *See* 18 U.S.C. § 3584(a) (creating presumption of consecutive sentences when sentences "are imposed at different times"); *Setser v. United States*, 566 U.S. 231, 235-36 (2012) (recognizing district court's discretion to order federal sentence to run consecutive to anticipated state sentence that has not yet been imposed).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*